UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALI TAYLOR, | Case No. 1:13CV2577 |
| Petitioner, | JUDGE LESLEY WELLS |
| v. | Magistrate Judge George J. Limbert |
| BENNIE D. KELLY, | **Report and Recommendation of Magistrate Judge** |
| Respondent. | |

On November 20, 2013, Petitioner Ali Taylor ("Petitioner"), represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his jury trial in the Cuyahoga County, Ohio Court of Common Pleas, where he was convicted of two counts of Felonious Assault in violation of Ohio Revised Code ("ORC") §2903.11(A) each with one and three year firearm specifications, and one count of Possession of Weapons Under Disability in violation of ORC §2923.13. ECF Dkt. #6-1 at 4. On February 6, 2014, Respondent Bennie D. Kelly, Warden of Grafton Correctional Institution where Petitioner is incarcerated, filed a motion to dismiss Petitioner's federal habeas corpus petitioner due to his failure to exhaust his grounds for relief in state court. ECF Dkt. #6. Petitioner, through counsel, filed a brief in opposition to the motion to dismiss on March 7, 2014 and Respondent filed a reply on March 12, 2014. ECF Dkt. #s 7, 8.

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #6), DENY Petitioner's request to stay proceedings and hold his federal habeas corpus petition in abeyance (ECF Dkt. #7), and dismiss Petitioner's federal habeas corpus petition in its entirety without prejudice (ECF Dkt. #1).

## I. RELEVANT PROCEDURAL HISTORY

In its May 2011 term, the Cuyahoga County Grand Jury indicted Petitioner on two counts of Felonious Assault in violation of ORC § 2903.11(A), each with one and three-year firearm specifications, and one count of Possession of Weapons Under Disability in violation of ORC §

2923.13. Trial was commenced on February 13, 2012, and a jury returned a guilty verdict on all three counts on February 14, 2012. ECF Dkt. #6-1 at 3. On February 16, 2012, the trial court sentenced Petitioner to a total of 14 years in prison. *Id*. at 4.

On March 16, 2012, Petitioner, through new counsel, filed a notice of appeal to the Eighth District Court of Appeals of Ohio. ECF Dkt. #6-1 at 6. Petitioner presented the following assignments of error through counsel:

> A. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE PROFFERING AND ADMISSION OF STATE'S EXHIBITS 1.1 - 1.6 AND 4-19 IN CONTRAVENTION OF OHIO RULES OF EVIDENCE 403, 602, AND 1003.
>
> B. IN LIGHT OF THE UNFAIRLY PREJUDICIAL EVIDENCE ERRONEOUSLY ADMITTED AGAINST DEFENDANT/APPELLANT, SAID EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE VERDICT AND CONVICTION RENDERED IN THE TRIAL COURT.
>
> C. THE VERDICT AND CONVICTION ENTERED AGAINST DEFENDANT/APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ECF Dkt. #6-1 at 9.

On November 21, 2012, the Eighth District Court of Appeals addressed Petitioner's assignments of error and found no merit to them. ECF Dkt .#6-1 at 39-56.

Petitioner did not file an appeal to the Supreme Court of Ohio.

## II. 28 U.S.C. § 2254 PETITION

On November 20, 2013, Petitioner, through different counsel, filed the instant petition for a writ of habeas corpus. ECF Dkt. #1. Petitioner raises the following grounds for relief:

> I. THE EVIDENCE ADDUCED AT TRIAL WAS LEGALLY INSUFFICIENT TO ESTABLISH PETITIONER'S GUILT BEYOND A REASONABLE DOUBT.
>
> II. THE TRIAL COURT'S IMPROPER ADMISSION OF QUESTIONABLY RELIABLE EVIDENCE WAS SO PREJUDICIAL AS TO DENY PETITIONER'S RIGHT TO DUE PROCESS.

ECF Dkt. #1. On February 6, 2014, Respondent filed the instant motion to dismiss Petitioner's federal habeas corpus petition due to his failure to exhaust. ECF Dkt. #6. On March 7, 2014,

Petitioner filed a brief in opposition to Respondent's motion to dismiss. ECF Dkt. #7. On March 12, 2014, Respondent filed a reply brief. ECF Dkt. #8.

### III.     PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

####     A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. §2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

####     B.     Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not

"fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal

courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138. Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729-730 (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV. ANALYSIS

### A. Respondent's Motion to Dismiss

Respondent contends in his motion to dismiss that Petitioner has totally failed to exhaust his state court remedies because he never filed an appeal to the Supreme Court of Ohio. ECF Dkt. #6 at 4-5. Respondent asserts that Petitioner was required to appeal to the Supreme Court of Ohio and he has failed to satisfy the exhaustion requirement in this federal habeas court because he did not achieve one complete round of the Ohio appellate process before seeking federal habeas review. *Id.*

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion

doctrine requires both that a claim be presented under the same theory to the state and federal courts and that a federal habeas petitioner give the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-848 (1999); *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004).

"If a claim was fairly or properly presented in state court, the federal court must ascertain if state remedies are still available by which state courts may consider the claim." *Liddy v. Gansheimer*, No. 1:08CV2122, 2010 WL 148132, at *7 (N.D. Ohio Jan. 8, 2010), unpublished. If state remedies remain, the claim is deemed unexhausted and the state courts must be given an opportunity to consider the claim before the federal court can consider it. *Id.*, citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). If state remedies no longer remain and the petitioner is therefore precluded from returning to the state court to present the claim, exhaustion is not the issue, but the claim is deemed procedurally default or waived. *Liddy,* 2010 WL 148132, at *7, citing *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

A federal habeas court is barred from considering issues that could have been raised in the state courts, but were not, and which may not be presented to those state courts due to procedural default or waiver. *Engle v. Isaac*, 456 U.S. 107 (1982). The failure of a state inmate to appeal a claim to the Supreme Court of Ohio constitutes a procedural default. *Himes v. Miller,* No. 4:10CV2304, 2011 WL 2784735 (N.D. Ohio, May 23, 2011), unpublished, Report and Recommendation adopted by 2011 WL 2784608 (N.D. Ohio, July 15, 2011), unpublished; *see also Gordon v. Bradshaw*, No. 1:04CV2299, 2007WL496367, at *13 (N.D. Ohio, Feb. 12, 2007), unpublished, citing *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D.Ohio 2002). In addition, Ohio law holds that the failure to present a claim to either a Court of Appeals or to the Ohio Supreme Court constitutes a waiver of the claim. *State v. Broom*, 40 Ohio St.3d 277, 288-289, 533 N.E.2d 682 (1988); *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990).

Petitioner in this case failed to comply with the 45-day time requirement for filing a direct appeal to the Ohio Supreme Court after the Ohio appellate court affirmed the trial court's judgment and found no merit to his assignments of error. *See* Ohio S.Ct.Prac. R. 6.01(A)(1). Accordingly, the undersigned recommends that the Court find that procedural default applies as while Petitioner could

return to the Supreme Court of Ohio in order to file a motion for delayed appeal, it is likely that the court would deny the motion and have independent and adequate state grounds for doing so.

Petitioner admits that he did not file a direct appeal to the Supreme Court of Ohio. ECF Dkt. #7 at 1. However, he contends that because the Supreme Court of Ohio's review is "discretionary," an appeal to that court is unnecessary because most cases appealed to that court never receive consideration on the merits of the claims. ECF Dkt. #7 at 4. He generally cites to the concurring opinion in *Rose v. Lundy*, 455 U.S. 509, 523-524 (1982) and concludes that it "expressly implies" that an appeal to the Ohio Supreme Court does not always have to be included in order to constitute a "full and fair opportunity" for the state courts to review the merits of a petitioner's claims. *Id*.

The undersigned recommends that the Court find no merit to Petitioner's assertion. It is clear that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Ohio, the last avenue of review is a discretionary appeal to the state's highest court and therefore a prisoner must ask the Supreme Court of Ohio to review his claims as that is "part of the ordinary appellate review procedure ...." *Id*. at 847. While the United States Supreme Court has held that a federal habeas corpus petitioner need not exhaust any and all remedies that are potentially available to him in state court, the Court explained that a petitioner must "exhaust those remedies that comprise a state's 'standard,' 'established,' 'normal' appellate review process." *Id*., citing *Wilwording v. Swenson*, 404 U.S. 249, 249-50, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971)( per curiam). In *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004), the Sixth Circuit Court of Appeals found that the petitioner had exhausted "all levels of Ohio's standard, established appellate review process" when he filed a direct appeal and filed for review in the Ohio Supreme Court. Quoting *O'Sullivan*, the Sixth Circuit explained that "[w]hen the Ohio Supreme Court dismissed the petition, Clinkscale had fulfilled his obligation of invoking 'one complete round of the State's established appellate review process.'" *Id.*, quoting *Sullivan,* 526 U.S. at 845, 119 S.Ct. 1728. Accordingly, because an appeal to the Ohio Supreme Court is part of Ohio's "established appellate review process," the undersigned recommends that the Court find that Petitioner has procedurally

defaulted his federal habeas corpus grounds for relief because he failed to present those claims to the Ohio Supreme Court.

Therefore, in order for this Court to nevertheless address Petitioner's grounds for relief, Petitioner must meet the fourth element of *Maupin* by presenting cause for his procedural default and resulting prejudice should the Court not examine his grounds for relief. " 'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 754. To show cause, a petitioner must demonstrate "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule. *Id.* at 753. To show prejudice, a petitioner must show that the errors he alleged created not merely a possibility of prejudice, but that the errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982). If a petitioner cannot establish both cause for his default and actual prejudice, the petitioner cannot have his claim considered unless he shows that he was actually innocent of the crime for which he was convicted. *Bousely v. United States*, 523 U.S. 614, 622 (1998).

As cause, Petitioner asserts that counsel who represented him in his appeal to the Ohio appellate court never filed a Rule 26(B) motion in the appellate court and never filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #7 at 2. Constitutionally ineffective assistance of counsel may constitute cause to overcome a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)*; Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 432 (6th Cir. 2006). However, ineffective assistance of counsel cannot constitute cause for a default at a stage where there is no Sixth Amendment right to counsel, such as in a Rule 26(B) motion or filing of a discretionary appeal to the Supreme Court of Ohio, where there is no constitutional entitlement to counsel. *Smith*, 463 F.3d at 433; *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005)(en banc). Thus, these assertions fail to establish adequate cause.

In *Smith,* 463 F.3d at 434-435, the Sixth Circuit did hold that the effective assistance of appellate counsel includes counsel's duty to inform the defendant of the Ohio Court of Appeals' decision. The Sixth Circuit found that the petitioner's counsel rendered constitutionally deficient performance by failing to inform petitioner of the Ohio appellate court's decision in his case until

-9-

three days before the expiration of his time for filing an appeal to the Ohio Supreme Court. *Id.* In determining whether the petitioner was prejudiced by counsel's deficient performance, however, the *Smith* Court found the relevant inquiry to be whether "there is a reasonable probability that, but for counsel's deficient failure to notify [petitioner] of the Ohio Court of Appeals decision, [petitioner] would have timely appealed to the Ohio Supreme Court." *Id.* at 435 (internal quotation marks removed) (*quoting Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). "[I]f the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she 'would have timely appealed' the decision." *Id.* (emphasis in original) (citing *Flores–Ortega*, 528 U.S. at 485). Because the petitioner in *Smith* did not file an appeal until approximately five months after counsel notified him of the outcome of his appeal, the Court found that petitioner was unable to establish that he was prejudiced by the failure to notify him of the outcome of the Ohio appellate court and he could therefore not rely on counsel's deficient performance to overcome his procedural default. *Id.* at 435-436.

In this case, Petitioner does not specifically state that his appellate counsel failed to inform him of the Ohio appellate court's decision or even that counsel failed to inform him of the time for filing an appeal to the Supreme Court of Ohio. ECF Dkt. #7 at 1-2. He does state that he was never timely advised that he could seek state post-conviction relief, but ineffective assistance of counsel on this collateral application is not adequate cause to excuse his procedural default. *Id.* at 1; *see Lopez*, 426 F.3d 339.

As to filing in the Ohio Supreme Court, Petitioner merely asserts that his family sought additional counsel to present an appeal to the Ohio Supreme Court, but by the time they were able to retain counsel, the time to appeal had expired and they were not familiar with the rules for appealing cases in Ohio. ECF Dkt. #8 at 2. This does not constitute cause to excuse his procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)(inmate's pro se status and ignorance of the law and procedural requirements of filing an appeal is not adequate cause to excuse procedural default); *see also Doliboa v. Warden, U.S. Penitentiary Terra Haute, Ind.*, No. 1:09-cv-

-10-

872, 2011 WL 900965, at *5 (S.D. Ohio, Mar. 14, 2011), unpublished (petitioner's inability to secure counsel to file timely appeal does not excuse procedural default because there is no constitutional right to counsel

on discretionary appeal to Ohio Supreme Court).

Because Petitioner has not shown cause, it is unnecessary to consider the issue of prejudice. *Murray*, 477 U.S. at 494; *Shabazz v. Ohio*, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998).

Petitioner can still have this Court consider his federal habeas corpus petition despite his procedural default and lack of cause and prejudice if he shows that he was actually innocent of the crimes for which he was convicted. *Bousely*, 523 U.S. at 622. A fundamental miscarriage of justice results when one who is "actually" innocent is convicted. *Gibbs v. United States*, 655 F.3d 473, 477 (6th Cir.2011). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623(internal quotation marks omitted). "Actual innocence means factual innocence, not merely legal insufficiency." *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999). Here, Petitioner makes arguments only as to the insufficiency of the evidence presented to convict him and he does not otherwise assert that he is actually innocent.

### B. Petitioner's Request for Stay and Abeyance

In addition to attempting to assert cause and prejudice, Petitioner moves the Court to stay the proceedings in this Court and hold his federal habeas corpus petition in abeyance until he can return to state court to exhaust his grounds for relief. ECF Dkt. #7 at 2. He asserts that he is preparing to file a state post-conviction relief petition to assert claims of the ineffectiveness of trial counsel at trial. *Id.* While acknowledging that such a petition is untimely, Petitioner asserts that it is still available and this Court should therefore stay his federal habeas corpus petition until he files that petition and proceeds through the state court process. *Id*. at 5.

The undersigned recommends that the Court deny Petitioner's request to stay his federal habeas corpus petition. This Court may issue an order to stay only if the federal habeas corpus petition is a mixed petition, that is, a petition that contains grounds for relief that are exhausted

and unexhausted. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). When a federal habeas corpus petition contains solely unexhausted grounds for relief, as is the case here, the court should dismiss the federal habeas corpus petition without prejudice. *See Clay v. Michigan*, 2009 WL 5171811, at *5 (W.D. Mich. Dec. 18, 2009), unpublished, citing and quoting *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir.2006)(court held that *Rhines* stay and abeyance rule did not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir.2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice ... stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first"); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970(W.D.Mich. June 1, 2009) (dismissing petition after concluding that the stay and abeyance procedure does not apply to a habeas petition containing only unexhausted claims); (*Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D.Ohio March 31, 2009) (a habeas petition is subject to dismissal, where petitioner did not exhaust any of his state court remedies on any of the claims presented in the petition); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540 at *7 (D.Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims"); *Wilson v. Warren*, No. 06-cv-15508, 2007 WL 37756 at *2 (E.D.Mich. Jan.4, 2007) ("in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *Draheim v. Harry*, No. 1:05-cv-587, 2005 WL 2758089 at *3 (W.D.Mich. Oct.25, 2005) (concluding that the stay and abeyance procedure does not apply to a habeas petition containing only unexhausted claims). Consequently, the undersigned recommends that the Court deny Petitioner's request to stay because his federal habeas corpus petition contains only unexhausted claims.

Even applying the factors for determining whether the Court should issue a stay, the undersigned recommends that the Court deny the request. In *Rhines v. Weber*, 544 U.S. 269, 125

S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies, but imposed two procedural limitations upon the granting of a stay. First, the petitioner must show "good cause" for his failure to exhaust remedies on direct appeal. Second, petitioner must demonstrate that the unexhausted claims are not "plainly meritless." 544 U.S. at 277-78; accord *Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir.2009).

In the instant case, Petitioner offers no reasons constituting "good cause" for failing to exhaust his remedies on direct appeal, not only as to the two grounds for relief that he presents to this Court but also as to the two assertions that he wishes to present in a state petition for post-conviction relief. In addition, Petitioner makes no demonstration that any of his unexhausted claims are meritorious. Accordingly, the undersigned recommends that the Court deny Petitioner's request for a stay of his instant federal habeas corpus petition.

## V.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss Petitioner's federal habeas corpus petition (ECF Dkt. #6), deny Petitioner's request for stay and abeyance, (ECF Dkt. #7), and DISMISS Petitioner's instant federal habeas corpus petition without prejudice (ECF Dkt. #1).


DATE: August 22, 2014                    */s/ George J. Limbert*
                                         GEORGE J. LIMBERT
                                         UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).